UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
PATRICIA TODD,                                    13-CV-4629 (MKB)(RER)

                    Plaintiff,             **AMENDED COMPLAINT**

      -against-                             **JURY DEMAND**

THE CITY OF NEW YORK,
HRA OFFICER ALEXANDER SHEPP
(Shield No. 1910) AND HRA OFFICER
LEVARR GREENFIELD (Shield No. 1894),

                    Defendants.
-------------------------------------------------x

      Plaintiff, by her attorneys, Law Office of Philip Akakwam, P.C., complaining of the defendants, The City of New York, HRA Officer Alexander Shepp (Shield No. 1910), and HRA Officer Levarr Greenfield (Shield No. 1894), upon information and belief alleges as follows:

### INTRODUCTION

      1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

      2. Plaintiff seeks monetary damages for: false arrest, false imprisonment and detention of Plaintiff, and otherwise, for the violation of Plaintiff's federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction.

5. Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

6. The State law claims have a common nucleus of operative facts with the federally based claims and they arise out of the same transaction(s) and occurrence(s) giving rise to the Plaintiff's federally based claims and causes of action.

7. Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which Plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief if such is deemed necessary and desirable and in the interest of justice in order to provide Plaintiff with a full and complete remedy for the violation of her rights.

## PARTIES

8. Plaintiff, a black female, was at all times material herein a resident of the City of New York, County of Kings and State of New York.

9. The City of New York is a municipal entity existing under the laws and Constitution of the State of New York and was the employer of the defendant officers through its Human

Resources Administration - and the actions of the officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

10. At all times herein, individual defendants Officer Alexander Shepp (Shield No. 1910) and Officer Levarr Greenfield (Shield No. 1894) were employed as officers in the Human Resources Administration of the City of New York, State of New York, and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Upon information and belief, said defendant officers were and still are, the servants, agents, and employees of their co-defendant, the City of New York. Notwithstanding the wrongful and illegal nature of their acts and conduct as hereinafter described, they were taken in and during the course of their duties and functions as Human Resources Administration Officers and incidental to the otherwise lawful performance of the same.

11. Plaintiff is suing the defendant officers in their individual and official capacities.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. On or about September 4, 2012, at approximately 4:00 pm, plaintiff was at the HRA's Bushwick Welfare and Job Center located at 30 Thornton Street, Brooklyn, New York when she was arrested and detained by the defendant officers.

13. At the time and place aforesaid, plaintiff had gone to the HRA's Welfare and Job Center to apply for food stamps and inquire about any other benefits available to her. After waiting for several hours at the office, she was advised that she would be denied any benefits. Plaintiff requested to speak with a supervisor and she was directed to where she should sit to wait for the supervisor.

14. As Plaintiff was waiting for the supervisor, one of the defendant officers working at the center approached plaintiff and told her to leave the area where she was staying to wait for the supervisor. Plaintiff told the officer that she was advised by one of the employees to wait there for the supervisor. Plaintiff advised the officer that he could inquire from the receptionist whether plaintiff was allowed to stay there and wait for supervisor.

15. The officer asked the receptionist who advised him that plaintiff was indeed asked to sit there and wait for the supervisor. Notwithstanding this information, the officer told plaintiff that he did not like plaintiff's attitude and therefore, plaintiff must leave the office.

16. Then both defendant officers grabbed plaintiff, handcuffed her and dragged her violently from the third floor of the building to the first floor where they detained her for many hours.

17. When they got to the first floor of the building, plaintiff was placed in a room where she was searched by a female security guard who put her hand into plaintiff's bra while searching her. Plaintiff was detained for many hours in handcuffs.

18. Plaintiff told the officers that she had done nothing to warrant her arrest. One of the officers told plaintiff that they would detain her until they have determined that there was no outstanding warrant against her. The officer also told plaintiff that the longer they detained her the better for the officer because he would be paid overtime hours.

19. After detaining plaintiff for many hours, the officers gave her a desk appearance ticket and thereafter released her.

20. Plaintiff was falsely charged with disorderly conduct in violation of PL 240.20. On or about May 14, 2013 all the criminal charges against plaintiff were dismissed.

21. Based on the false testimony of the defendant officers, prosecution was commenced against plaintiff in the criminal court.

22. As a result of the aforesaid actions by the defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation. Plaintiff also suffered physical injuries to her wrists and shoulder.

23. Before and at the time of the arrest and detention alleged herein, plaintiff had not been engaging in any suspicious or unlawful conduct. Therefore, her arrest without any warrant was unjustified, in that it was made without reasonable suspicion or probable cause.

24. Plaintiff suffered violations of her federally guaranteed constitutional and civil rights including rights guaranteed to her under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

25. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for the violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

26. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other law enforcement officers thereby causing and encouraging such officers including defendants in this case, to engage in unlawful conduct

27. The actions taken against plaintiff by the defendant Officers herein were also

propelled by a policy and practice of the City of New York which promotes an "ends justifies the means" philosophy of combating crime which causes officers to arrest individuals, particularly blacks, without probable cause and to subject such individuals to false criminal charges, to excessive force, assault and battery. The said policy and practice falls disproportionately on persons of color.

28. The actions of the defendants, acting under color of State law, deprived plaintiff of her rights, privileges and immunities under the laws and constitution of the United States; in particular, the rights to be secure in her person and property, to be free from false arrest, and from abuse of process, and the right to due process.

29. The actions and conduct of the Officers and the policies and practices of the City of New York were negligent and the proximate cause of damages to the Plaintiff.

30. The Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

31. The Plaintiff has no other adequate remedy at law but for this action.

### AND AS FOR A FIRST CAUSE OF ACTION - 42 U.S.C. § 1983

32. Plaintiff reiterates paragraphs 1 through 31 and incorporates such by reference herein.

33. The conduct of the defendant officers, as described herein, amounted to false arrest, false imprisonment and unlawful search.

34. Such conduct violated plaintiff's right under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. By violating plaintiff's

constitutional rights under color of State Law, the Defendant Police Officers violated the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

35. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### AND AS FOR A SECOND CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

36. Plaintiff reiterates paragraphs 1 through 35 and incorporates such by reference herein.

37. The foregoing violations of plaintiff's federal constitutional rights and resultant injuries were directly, foreseeably and proximately caused by conduct, chargeable to defendant City of New York, amounting to deliberate indifference to the constitutional rights of persons, including Plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

38. Defendant City of New York failed to provide proper training and/or failed to insure that the training provided was adequately understood in regard to the following tasks which law enforcement officers commonly perform:

(a) The determination of probable cause to make an arrest;

(b) The duty to take into account the totality of the circumstances in determining the existence of probable cause to make an arrest;

(c) The circumstances under which investigative detentions may lawfully occur and the manner in which they may lawfully be executed;

(d) The very limited circumstances under which a warrantless search may be carried

out.

39. Defendant City of New York maintained unwritten customs and practices which permitted or condoned the unlawful searches of persons, the unlawful seizure of persons, subjecting citizens to disparately harsh law enforcement practices on account of their race. These customs and practices are demonstrated by the failure of said defendants to properly investigate numerous complaints from citizens alleging such law enforcement misconduct and by their failure to take adequate remedial action where misconduct has occurred.

40. The aforesaid deliberate or *de facto* policies, procedures, regulations, practices and/or customs (including the failure to properly instruct, train, supervise and/or discipline employees with regard thereto) were implemented or tolerated by policymaking officials for the Defendant City of New York, including but not limited to, the New York City Police Commissioner who knew or should have known that such policies, procedures, regulations, practices and/or customs concern issues that regularly arise in the investigation and prosecution of criminal cases;

41. The policymaking officials know or ought to have known that such issues that regularly arise in the investigation and prosecution of criminal cases either present law enforcement employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of such employees mishandling such situations and making the wrong choice.

42. The aforementioned policymaking officials knew that the wrong choice by law enforcement officers concerning determination of probable cause will frequently cause the deprivation of the constitutional rights of criminal suspects or defendants and cause them

constitutional injury.

43. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts, and from a January 2006 statement by Deputy Commissioner Paul J. Browne that police commanders are permitted to set "productivity goals" (i.e., arrest quotas). *See Colon v. City of New York*, 2009 U.S. Dist. LEXIS 110520 (E.D.N.Y. Nov. 25, 2009) (**Weinstein**, J.). *See also* the following cases filed in this district: *Geneeza Walls v. City of New York*, 10 CV 5769; *Javier Jones v. City of New York* (10 CV 3719); *Euday Bowman v. City of New York* (10 CV 3419); *Edward Ogunmoyin v. City of New York* 10 CV 1060); *John McLean v. City of New York (*10 CV 631). Thus, the aforementioned policymaking officials had the knowledge and the notice alleged in the preceding paragraphs based upon these repeated occurrences credibly alleging that police officers had conducted searches or arrests without probable cause.

44. Said notice is also based upon the inherent obviousness of the need to train, supervise and discipline law enforcement officers in their aforementioned constitutional obligations to counteract the pressures on officers and the powerful incentives they have to close cases and to obtain arrests and convictions.

45. During all times material to this Complaint, the Defendant City and its policy making officials owed a duty to the plaintiff and the public at large, which they knowingly and intentionally breached, or to which they were deliberately indifferent, to implement policies, procedures, customs, practices, training and discipline sufficient to prevent or deter conduct of their employees violating the aforementioned constitutional rights of innocent members of the

public including plaintiff.

46. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching law enforcement officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

47. As a result of inadequate training of law enforcement officers on the practical meaning of probable cause for arrest, officers frequently detain and/or arrest citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause.

48. The defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that said policies, practices, customs or usages lead to improper conduct by its law enforcement officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

49. The aforesaid policies, procedures, regulations, practices and/or customs of Defendant City were collectively and individually a substantial factor in bringing about the aforesaid violations by the individual defendants of plaintiff's rights under the Constitution and laws of the United States.

50. By virtue of the foregoing, Defendant City of New York is liable for having substantially caused the foregoing violations of Plaintiff's constitutional rights and her constitutional injuries.

### AND AS FOR A THIRD CAUSE OF ACTION - 42 U.S.C. § 1985

51. Plaintiff reiterates paragraphs 1 through 50 and incorporates such by reference herein.

52. In an effort to find fault to use against the plaintiff, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth and Fourteenth Amendments to United States Constitution, because of his race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

53. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiff of his constitutional and federal rights in violation of 42 U.S.C. § 1985.

54. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

### AND AS FOR A FOURTH CAUSE OF ACTION

55. Plaintiff reiterates paragraphs 1 through 54 and incorporates such by reference herein.

56. By reason of the forgoing, and by arresting, detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, and harassing and assaulting her, and depriving her of equal protection of the laws, defendants deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every New Yorker by Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) and Article 1, § 12 (prohibiting unreasonable searches and seizures) of the New York State Constitution.

57. In addition, the defendant officers conspired among themselves to deprive plaintiff of her constitutional rights secured by Article 1, §§ 11 &12 of the New York State Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

11

58. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as HRA Officers. Such acts by Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiff of his constitutional rights secured by Article 1, §§ 11 &12 of the New York State Constitution.

59. Defendants, their officers, attorneys, agents, servants and employees were responsible for deprivation of Plaintiff's State Constitutional rights. Defendant City, as employer of each of the defendant officers, is responsible for their wrongdoing under the common law doctrine of *respondeat superior.*

60. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i. For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii. For punitive damages against the individual defendants in an amount to be determined at trial;

iii. For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv. For pre-judgment interest as allowed by law; and

v. For such other and further relief as the court deems just and proper.

## DEMAND FOR TRIAL BY JURY

    Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
         December 19, 2013

                                            LAW OFFICE OF PHILIP AKAKWAM, P.C.

                              By:          /s/
                                            Philip Akakwam, Esq. (PA-8294)
                                            Attorneys for the Plaintiff
                                            303 Livingston St., 2nd Floor
                                            Brooklyn, N.Y. 11217
                                            (718) 858-2488

13-CV-4629 (MKB)(RER)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PATRICIA TODD

                    Plaintiff,

    -against-

THE CITY OF NEW YORK,
HRA OFFICER ALEXANDER SHEPP
(Shield No. 1910) AND HRA OFFICER
LEVARR GREENFIELD (Shield No. 1894),

                    Defendants.

---

## AMENDED COMPLAINT

---

LAW OFFICES OF PHILIP AKAKWAM, P.C.
Attorneys for Plaintiff
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

---

TO:

---

Service of a copy of the within is hereby admitted.

Dated:

_____